MARCELINO MANUEL PÉREZ Y PÉREZ, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 912. Submitted January 30, 1934.—Decided February 24, 1934.

*Monserrat & Monserrat* for appellant. The registrar appeared by brief.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

An urban parcel belonging to Gerardo L. Despiáu Balseiro was attached for the collection of delinquent taxes, the attachment was noted in the registry of property, and the parcel was later sold at public auction to the mortgage creditor and appellant, Marcelino Manuel Pérez. Subsequent to the attachment entered in favor of the People of Puerto Rico and to the sale of the property to the appellant,

another attachment was entered in favor of Rita Castelló Camps who brought an action of debt against said Gerardo L. Despiáu Balseiro.

The certificate of sale issued in favor of the appellant was recorded in due time in the registry of property, the attachment in favor of Rita Castelló Camps remaining in force. The sale having been consummated by the expiration of the term of redemption, the appellant requested the cancellation of the said attachment which was refused by the registrar on the grounds appearing in the following note:

"The cancellation of the attachment requested in the certificate of sale issued on May 10, 1932, by Lucas Jiménez, Collector of Internal Revenue of San Juan, and in a writing subscribed by affidavit No. 8100 by Marcelino Manuel Pérez y Pérez, is denied inasmuch as it does not appear that Rita Castelló Camps, in whose favor the attachment is recorded, has been notified, nor has she consented to the cancellation; and instead a cautionary notice for 120 days is taken..."

It is urged that the registrar erred in denying the cancellation requested on the ground that Rita Castelló Camps was not notified and had not consented to such cancellation, and it is argued that the respondent failed to take into account the second paragraph of section 82 of the Mortgage Law which says:

"Notwithstanding the provisions of the foregoing paragraph, the records, or entries referred to therein may be canceled without said requisites when the recorded right is extinguished by a provision of law, or it so appears from the recorded instrument itself."

The preceding paragraph to which reference is made in the above-quoted exception says:

"Records or cautionary notices made by virtue of a public instrument can be canceled only by a final order from which no appeal for its annulment or reversal is pending, or by another instrument or authentic document in which the person in whose favor the record or entry may have been made, or his assigns or legal representatives signify their consent to the cancellation."

The appellant argues that he acquired the parcel in good faith, free from the lien in question, which lien in fact and in law has become extinguished by operation of law, in accordance with section 82 of the Mortgage Law and section 347 of the Political Code.

The second paragraph of section 79 of the Mortgage Law provides that total cancellation may be asked and shall be ordered when the recorded right has been entirely exting-uished. We have examined this section of the Law together with article 132 of the Mortgage Law Regulations which specifies the cases in which the recorded right may be considered as extinguished and we do not see that it is applicable to the question now raised.

We agree that the attachment recorded in favor of Rita Castelló Camps may only affect subsequent entries in the registry of property, and our opinion is that the previous entry in favor of the People of Puerto Rico cannot be affected by the subsequent one. But, should the registrar classify the priority of rights between parties and cancel the entry without the consent of the party in whose favor it was made? We do not know of any provision of law which authorizes this action on the part of the registrar.

We must not forget that the entry of an attachment creates a right in favor of the person who obtains it; that this case deals with an entry made by virtue of a judicial order; and that in the absence of a provision to that effect, the registrar should not cancel said entry where the provisions of the law have not been fulfilled.

The provisions of section 82 and 83 of the Mortgage Law are applicable to cautionary notices among which is a group, that of entries made by virtue of judicial orders, in connection with which the first two paragraphs of said section 83 are exceptionally important, inasmuch as said entries must always be made by virtue of an order of a court. In accordance with section 83, if a record or entry shall have been made by virtue of an order of a court, and the parties agree

in a valid manner to have it canceled, they shall file a petition to this effect in the proper court and after ratifying it, if there is or can be no prejudice to a third person, an order shall be issued directing the cancellation. The judge or court shall also make a similar order when proper, even though the person in whose favor the record or entry may have been made does not agree to the cancellation.

Morell in his work on mortgage legislation, volume 3, page 493, says that even though the interested parties agree to the cancellation of the record or entry, it is indispensable that they file a petition to this effect in a competent court, and after ratifying it, if there is or can be no prejudice to a third person, an order shall be issued directing the cancellation. He adds that, when proper, an order of cancellation should also be issued even if the person in whose favor the record or entry may have been made does not agree to the cancellation.

Article 140 of the Regulations for the Execution of the Mortgage Law provides in its 12th subdivision that the cancellation of cautionary notices shall be effected, in proper cases, when the person in whose favor the entry may have been made renounces his right. The subsequent article says that if the record of notice shall have been entered by virtue of an order of court, the renunciation must be made in the form of a written application, addressed to and ratified before the same judge or court which issued such order. Morell, at page 524 of the work cited, says that the renunciation is not sufficient if it has not been made by petition to the judge and if the cancellation has not been ordered by the latter, after having previously assured himself of the capacity and the right of the interested party.

The denial of the registrar does not conflict with section 347 of the Political Code that specifies the requisites of the certificate which is issued in favor of the purchaser where a property is sold for delinquent taxes. Although the certificate presented in the registry may fulfill all of those

requisites, the registrar is not authorized to cancel a subsequent record or entry when the requirements prescribed by law have not been complied with.

The decision appealed from must be affirmed.